IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 3 1 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

| | |
|---|---|
| PAUL ROBERSON,<br>    Petitioner, | Civil Action No. 7:06cv00414 |
| v. | MEMORANDUM OPINION |
| TERRY O'BRIEN, WARDEN,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Paul Roberson, filed this 28 U.S.C. § 2241 motion challenging a parole violation warrant. Roberson claims that the Parole Commission failed to conduct a dispositional review of its detainer in his case in violation of 28 C.F.R. § 2.47. This matter is before the court on respondent's motion to dismiss. The court finds that Roberson has now received his dispositional review hearing and therefore this action is moot. Accordingly, the court grants respondent's motion to dismiss.

I.

On January 25, 2001, Roberson was paroled, to remain under supervision until October 3, 2004. On June 23, 2004, the U.S. Parole Commission issued a warrant charging violation of the conditions of parole supervision. The Commission instructed the U.S. Marshal that it should give precedence to any criminal arrest warrant issued for petitioner, and that the warrant should in that instance be placed as a detainer. On July 6, 2004, the Commission supplemented the warrant with an additional charge of burglary and theft, and on July 8, 2004, the Commission added another charge of burglary, destruction of property, and unlawful entry. The Commission's warrant was lodged as a detainer against Roberson. Roberson is currently serving a sentence of 54 months at United States Penitentiary at Lee County, imposed on September 28, 2004.

On July 7, 2006, Roberson filed the instant habeas corpus proceeding seeking a speedy dispositional review hearing. Thereafter, by letter dated September 12, 2006, the Parole Commission informed Roberson that it would conduct an "on the record" dispositional review of the detainer

pursuant to 18 U.S.C. 4214(b)(1) within 180 days. On January 24, 2007, the Commission conducted a dispositional review hearing and ordered that the detainer stand.

## II.

Generally, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). Here, the appropriate remedy for a delayed dispositional review hearing is for the court to compel the Parole Commission to hold the hearing. See, e.g., Guerro-Guerro v. Clark, 687 F.Supp. 1022, 1030 n. 17 (E.D.Va. 1988) (remedy is writ of mandamus to compel compliance with statute); Sutherland v. McCall, 709 F.2d 730, 732 (D.C. Cir. 1983); Sacasas v. Rison, 755 F.2d 1533, 1535-1536 (11th Cir. 1985); Berg v. U.S. Parole Commission, 735 F.2d 378, 379 n.3 (9th Cir. 1984). Because Roberson has now received his dispositional review hearing, his petition is moot.

## III.

For the reasons stated herein, the court grants respondents' motion to dismiss.

**ENTER**: This 31st day of January, 2007.

United States District Judge